# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>v.<br><br>LUIS RAMOS,<br><br>                     Defendant. | Case No. 10-CR-103-2-JPS<br><br>**ORDER** |

       Defendant Luis Ramos's ("Defendant") criminal case before Judge Rudolph Randa closed in 2011. ECF Nos. 35, 37. His case was reassigned to this branch of the Court in 2018. Defendant has since filed several letters pertaining to discovery requests, ECF Nos. 107, 113–115, 138, and now moves the Court to compel the Government to produce discovery associated with his case. ECF No. 140. He represents that he has directed this request to the Government on multiple occasions and did not receive a response. *Id.* at 2; *id.* at 5 (seeking "all evidence including but not limited to: witness statements, defendant arrest statements, pictures of physical evidence, [and] evidence of what was taken").

       Defendant provides no explanation for why he needs the discovery file in his case.[1] *See generally id*. He asserts that the Government should be

---

       [1]Defendant previously submitted a filing implying that he would move for a new trial, ECF No. 115, to which the Court responded by noting that such a motion would likely be untimely, ECF No. 116 at 2. While the discovery file in his underlying prosecution may be relevant to such a motion, to the extent Defendant intends to file such a motion, or a motion to modify or vacate his sentence under 28 U.S.C. § 2255, he should be aware that such a motion may be subject to denial as untimely. *See* 28 U.S.C. § 2255(f)(1).

compelled to disclose discovery to him so that he can "exercise his Fifth Amendment due process right[] to review his case." *Id.* at 2.

The Court is not persuaded by Defendant's request or his reasoning. It is true that the Court may authorize a criminal defendant's post-conviction request to access pretrial discovery in certain circumstances, such as when he has already filed a 28 U.S.C. § 2255 motion and has given the Court "reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see* Rule 6, RULES GOVERNING SECTION 2255 PROCEEDINGS; *see also United States v. Brown*, No. 22-2667, 2023 WL 3391473, at *1 (7th Cir. May 11, 2023) (noting, in § 2255 context, that "merely pursuing collateral relief is insufficient to entitle [a defendant] to discovery" (citing *Bracy*, 520 U.S. at 904)). A defendant is also entitled to the district court record—which includes papers and exhibits filed in the district court, transcripts, and docket entries, but not pretrial discovery material—when his case is on direct appeal. *See United States v. Ali*, No. 22-CR-169-3-JPS, 2025 WL 1293450, at *2 (E.D. Wis. May 5, 2025) (citing FED. R. APP. P. 10(a)). Finally, it is a well-known legal principle that a defendant has a due process right to access exculpatory material during the prosecution. *See Brady v. Maryland*, 373 U.S. 83 (1963).

None of these circumstances apply here. This case is over a decade past the pretrial, trial, and sentencing phase, and Defendant does not have a pending § 2255 motion or appeal. The Court has not located any authority suggesting, as Defendant argues, that he has a broad right to access all the pretrial discovery in his case for an unspecified reason, at any time, regardless of the procedural posture of the case.

To the contrary, this Court and other district courts have consistently denied such requests. *See Ali*, 2025 WL 1293450, at *1–2 (denying defendants' request "to compel the Government to provide its pre-trial discovery" and explaining that defendants are not entitled to "the evidence available to a defendant before conviction" after sentencing, even when the case is on direct appeal (citations omitted)); *United States v. Rhone*, No. 09-20133-07-JWL, 2014 WL 2986520, at *1 (D. Kan. July 2, 2014) (noting that Federal Rule of Criminal Procedure 16 does not entitle a defendant to access pretrial discovery once he is convicted and sentenced, and further explaining that requests for pretrial discovery related to a § 2255 motion must be specific); *United States v. Jensen*, No. 1:07-CR-049 CW, 2023 WL 6216254, at *1 (D. Utah Sept. 25, 2023) (citing *Rhone*, 2014 WL 2986520, and finding the same). The Court has not located any authority suggesting that Defendant has a due process right to access discovery in these circumstances.

In the absence of any authority entitling Defendant to access the discovery in his underlying criminal case, the Court must deny Defendant's motion to compel discovery.

Accordingly,

**IT IS ORDERED** that Defendant Luis Ramos's motion to compel discovery, ECF No. 140, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge